IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH HAINES and | : | CIVIL ACTION |
| VALARIE HAINES | : | |
| | : | |
| v. | : | |
| | : | |
| POLYMER DYNAMICS, INC. and | : | |
| WILLIAM PEOPLES | : | NO. 03-4088 |

ORDER AND OPINION

JACOB P. HART                                                                  DATE:   July 9, 2007
UNITED STATES MAGISTRATE JUDGE


I.      Factual Background

Keith and Valarie Haines brought this action under § 1132 of ERISA, 29 U.S.C. § 1001, *et seq*., and state tort law to recover amounts they claimed were due to them under the employee welfare benefit plan administered by Keith Haines's employer, Polymer Dynamics, Inc. ("PDI"). The Plaintiffs sued both PDI and Defendant William Peoples, PDI's CEO and sole shareholder, as plan fiduciaries.

The case was tried before me without a jury on April 11, 2007.  In a Decision dated May 15, 2007, I entered judgment in favor of Plaintiffs in the amount of $6,768.91.  The award represented compensation for medical expenses incurred by the Plaintiffs at a time when Defendants led them to believe that they held health insurance through PDI, when, in reality, all insurance had been cancelled, due to defendants' financial default.  I also permitted the Plaintiffs to seek reasonable attorney fees and costs, under 29 U.S.C. § 1132(g)(1).  I will now award Plaintiffs fees and costs in the amount of $12,614.37.

II.     Legal Standards

Where a court considers whether to award fees and costs to a prevailing party under ERISA, five factors must be considered.  Fields v. Thompson Printing Co., Inc., 363 F.3d 259, 275 (3d Cir. 2004).  They are:  (1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorney's fees; (3) the deterrent effect of an award of attorneys' fees against the offending parties; (4) the benefit conferred on pension plan members as a whole; and (5) relative merits of the parties' positions.  Fields, supra; Kollman v. Hewitt Associates, LLC, Civ. A. No. 03-2944, 2005 WL 3542578 at *2 (E.D. Pa. Dec. 20, 2005).

Although consideration of these factors is mandatory, a party need not demonstrate that they all weigh in favor of a fee award; rather they are elements which a court must consider in exercising its discretion.  Fields, supra.

If the court determines that an award of attorney's fees is warranted, it will consider the amount of the award by using a "lodestar" analysis.  See Kollman v. Hewitt, supra.  Under this approach, the starting point is the number of hours expended multiplied by a reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  This calculation results in the "lodestar," which is presumptively correct but which may be adjusted should the court find it appropriate.  Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).  If, for example, a plaintiff has achieved only partial or limited success, the lodestar may constitute an excessive award.  Hensley, supra, at 436.

III.    Discussion

A.    An Award of Fees and Costs is Appropriate

After consideration of the factors set forth in Fields, I conclude that an award of reasonable fees and costs is appropriate. Defendants' bad faith in this case was palpable. During the period of time for which recovery of damages was allowed, Defendants knew that they did not hold a health insurance policy – they had not paid for one. They nevertheless refrained for months from telling Haines and the other PDI's employees that they were not insured. As to the possibility of a deterrent effect, PDI is no longer in existence. A punitive award may, however, deter this sort of behavior by Mr. Peoples in the future.

The fifth factor, the relative merits of the parties' positions, also favors an award. During the long pendency of this action, Mr. Peoples denied (a) that he was an ERISA plan fiduciary; and (b) that some money was owed to the Plaintiffs. Yet, at trial, Defendants admitted both of these things. Therefore, their position during the pendency of this case lacked merit, and unnecessarily prolonged the litigation. The fact that Mr. Peoples was acting *pro se* most of this time, and that PDI was unrepresented until trial, does not excuse this. Defendants' about-face at trial was not due to any new information obtained by PDI's counsel.

The other factors are neutral here. It is evident that PDI had money troubles at the time it stopped paying for its employees' health insurance. However, there is no evidence before me as to whether PDI now has any assets. Finally, no award will benefit "the pension plan members as a whole", because there is no more pension plan. On balance, then, the factors favor an award under § 1132(g)(1).

B.  The "Lodestar" Analysis

Plaintiffs seek an award of $19,640.50 in attorney's fees, and $467.44 in costs. The costs sought appear to be appropriate, and Defendants have not questioned them. Neither do Defendants question the rates at which the attorney's fees were billed.[1] They have, however, pointed to Plaintiffs' limited success in this case, and they also argue that the number of hours billed was excessive.

I agree with Defendants that Plaintiffs' success in this case was limited. At trial, Plaintiffs sought reimbursement for health care expenses incurred after the date on which PDI revealed to its employees that it could no longer offer health insurance. I found incredible Keith Haines's assertion that he did not hear this news. For this reason, I would not permit recovery for any expenses incurred after the date of PDI's announcement. I also denied recovery for a large number of bills, where Plaintiffs put forth no evidence that any payment was still due. As Defendants point out, Plaintiffs sought approximately $18,000 at trial, but recovered only $6,768.91. I will subtract $5,000.00 from their attorney's fee award to reflect this limited success.

The number of hours billed is also slightly excessive. In their motion for fees, Plaintiffs have shown that none of the lawyers who worked on this case had any previous experience with ERISA. Affidavit of Robert J. Magee, Esq., attached as Exhibit A to Fee Petition, at ¶¶ 7 and 9. One apparent result of this is that an associate spent 33 hours and 15 minutes researching ERISA, and drafting and revising a fairly simple 9-page complaint which really involved no complicated

---

[1] Lead counsel, an experienced attorney, although one new to ERISA, seeks fees in the amount of $200 per hour. His associates, who billed most of the hours on this case, were much younger and less experienced. Fees for them are billed at $150 per hour. The relatively few paralegal hours are billed at $75 per hour.

ERISA issues.  I will cut these hours by half, so that Defendants are not paying for counsel's education.  Thus, I will subtract another $2,493.57 (half of 33.25 x 150) from the fees requested.  Other than that, the hours billed appear to be appropriate.

In accordance with the above discussion, I now enter the following:

O R D E R

AND NOW, this    9th    day of July, 2007, upon consideration of the Plaintiffs' Motion for Attorney's Fees and Expenses, filed in this matter as Document No. 48, and Defendants' Response thereto, it is hereby ORDERED that Plaintiffs are hereby AWARDED counsel fees in the amount of $12,146.93 and expenses in the amount of $467.44, for a total award of $12,614.37.

BY THE COURT:

/s/Jacob P. Hart
_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE